Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8920 W. Tropicana Avenue, Suite 101
Las Vegas, Nevada 89147
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER FUNK, an individual;<br><br>Plaintiff;<br><br>v.<br><br>ALLY FINANCIAL INC., a foreign corporation; AMERICREDIT FINANCIAL SERVICES, INC. dba GM FINANCIAL, a foreign corporation; TRANS UNION LLC, a foreign limited-liability company;<br><br>Defendants. | Case No.: 2:22-cv-01120<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Christopher Funk ("Plaintiff"), by and through the undersigned counsel of record, and for his claims for relief against Defendants, Ally Financial Inc. ("Ally"), Americredit Financial Services, Inc. dba GM Financial ("GM"), and Trans Union LLC ("Trans Union"), complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. This court has jurisdiction under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because, at all relevant times, Plaintiff and Defendants resided and/or conducted business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiff is an adult individual residing in Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. Ally is a foreign corporation doing business in Nevada.

8. Ally regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. GM is a foreign corporation doing business in Nevada.

10. GM regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

11. Trans Union is a foreign limited-liability company doing business in Nevada.

12. Trans Union is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

13. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

14. Trans Union disburses said consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

15. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

16. Plaintiff is a victim of identity theft.

17. On April 26, 2022, Plaintiff filled out and submitted a Federal Trade Commission Identity Theft Report under Report No. 147083216, regarding the theft of his identity (the "FTC Report").

18. In the FTC Report, Plaintiff describes the theft of his identity and the fact that an identity thief or thieves attempted to open consumer vehicle loans with Ally and GM on or about April 21, 2022 without his knowledge or approval.

19. On or about April 2022, Plaintiff obtained copies of his Trans Union credit report and became aware that Defendants were reporting fraudulent supplemental consumer credit information and inquiries.

20. This information arose from an identity thief or thieves using Plaintiff's personal information to seek to open Ally and GM Account's without Plaintiff's approval or authorization.

21. On April 26, 2022, Plaintiff submitted a written dispute to Trans Union regarding the fraudulent information.

22. Plaintiff enclosed a copy of the FTC Report and his Driver's License with the written disputes.

23. On information and belief, Trans Union submitted Plaintiff's written disputes to Ally and GM for investigation.

24. Defendants failed to block the fraudulent information from Plaintiff's credit profiles within four days of receipt of Plaintiff's written dispute.

25. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's written disputes.

26. Upon receipt of Plaintiff's disputes of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

27. Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit reports and failed to provide any investigation results.

28. In failing to delete the fraudulent information, Defendants continue to report inaccurate information in violation of the FCRA.

29. In failing to delete the fraudulent information, Defendants provide misleading information on Plaintiff's credit reports in violation of the FCRA.

30. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score negatively.

31.     As a result of Defendants' fraudulent reporting, Plaintiff has suffered a delay in obtaining a mortgage loan.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Trans Union]**

32.     Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

33.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

34.     As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit and loss of ability to purchase and benefit from credit.

35.     Trans Union's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

36.     In the alternative, Trans Union was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

37.     As a direct and proximate result of the above-referenced violations by Trans Union, Plaintiff is entitled to statutory damages and actual damages to be proven at the time of trial.

38.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

39.     Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

40.     Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violation of 15 U.S.C. § 1681i against Trans Union]**

41.     Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

42. Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned fraudulent information in Plaintiff's credit file after receiving actual notice of the inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

43. Trans Union failed to provide Plaintiff with a report of the results of any reinvestigation of the disputes referenced herein, thus violating its duties under 15 U.S.C. § 1681i(a)(6).

44. As a direct and proximate result of this conduct and inaction by Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

45. Trans Union's conduct and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

46. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

### THIRD CLAIM FOR RELIEF

**[Violation of 15 U.S.C. § 1681c-2 against Trans Union]**

47. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

48. Under the FCRA, 15 U.S.C. § 1681c-2, within four business days of notice of Plaintiff's written disputes and FTC Report, Trans Union was obligated to block the information that was the result of identity theft.

49. Trans Union violated 15 U.S.C. § 1681c-2 by failing to block the fraudulent information from Plaintiff's credit profile within four business days of receipt of Plaintiff's written dispute.

50. As a direct and proximate result of Trans Union's conduct, Plaintiff suffered, and continues to suffer, damage by loss of credit, and the loss of the ability to purchase and benefit from credit.

51. Trans Union's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages under 15 U.S.C. § 1681n.

52. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

53. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

54. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

55. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect his legal rights and is, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1681n or § 1681o.

## FOURTH CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Ally and GM]**

56. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

57. Ally and GM violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit files with Trans Union; by failing to investigate Plaintiff's disputes properly; by failing to review all relevant information regarding Plaintiff's disputes; by failing to respond to Trans Union accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct their own internal records to prevent the aforementioned violations.

58. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

59. Ally and GM's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

60. In the alternative, Ally and GM were negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61. As a direct and proximate result of Ally and GM's violations, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

62. Plaintiff is entitled to recover costs and attorney's fees from Ally and GM in an amount to be determined by the Court under 15 U.S.C. § 1681n or § 1681o.

63. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

64. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

65. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect his legal rights and is, therefore, entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1681n or § 1681o.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: July 13, 2022

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***